# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GIL,<br><br>        Plaintiff,<br><br>    v.<br><br>MARY A. SMITH, et al.,<br><br>        Defendants. | Case No.  1:14-cv-00076-LJO-SAB<br><br>ORDER REMANDING ACTION TO STATE COURT |

This action was removed from the Superior Court of California for the County of Fresno on January 17, 2014.  (ECF No. 1.)  Defendants James Baldwin and Mary A. Smith ("Defendants") removed this action on the basis of federal question jurisdiction.

Plaintiff filed the original complaint in this matter against Defendant for unlawful detainer after non-judicial foreclosure sale.  Plaintiff alleged that it acquired title to the real property at 4225 E. Hampton Way, Fresno, California 93726 via foreclosure sale.  Plaintiff further alleges that Defendant is in possession of the real property at issue without Plaintiff's authorization.

Removal of actions from state court to federal court are generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

> (a)    Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

1

> be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Remand is governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (italics in original). Federal question jurisdictions cannot be premised on federal issues raised in a defendant's answer or counterclaim. Id.

Defendants contend that federal question jurisdiction is proper based on issues arising under the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201. Defendants contend that this statute requires a ninety day notice period prior to the filing of any state eviction proceeding. Even if this were true, this issue is not raised in Plaintiff's complaint. Accordingly, it is best characterized as a defense or a counterclaim, and therefore cannot serve as the basis of federal question jurisdiction. The Court finds that removal was improper because this Court lacks jurisdiction over this action and that this action should be remanded to state court.

///

1  Based upon the foregoing, it is HEREBY ORDERED that this action is REMANDED to
2  state court.

IT IS SO ORDERED.

Dated: **February 20, 2014**

UNITED STATES MAGISTRATE JUDGE